# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
### 2:08cv29

| | | |
|---|---|---|
| PAUL FAGAN; and EVELYN FAGAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITRIN AUTO AND HOME | ) | |
| INSURANCE COMPANY d/b/a | ) | |
| Kemper, a Unitrin Business, | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| ICA, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Ervin L. Ball, Jr.'s second Motion to

Substitute Counsel. An identical motion was filed on March 11, 2009, and the court

granted the motion on March 16, 2009. Since that date Mr. Nichols has been relieved

of responsibility for third-party defendant in this matter and Mr. Ball noted as counsel

or record. To the extent the parties desire an Order relieving Mr. Nichol's *law firm*

from representing such party and, correspondingly, allowing Mr. Ball's *law firm* to

-1-

be substituted, the rules of this court do not provide for appearance by anyone other than licensed attorneys. L.Cv.R. 83.1(C).[1] Consistent with that view, in the Local Civil Rule governing substitution of counsel (discussed below), the rule speaks only to termination and substitution of counsel and not their firms. Thus, the court cannot allow the withdrawal of an entity which cannot appear. To the extent it may assist the parties, however, the court takes the position that proper withdrawal of counsel (as was accomplished here) carries with it a concomitant and full release of the firm from any responsibility for prosecuting or defending the litigation.

Finally, counsel are respectfully advised that "Substitution of Counsel" is governed by L.Cv.R. 83.1(G), which

> is accomplished when the new attorney files a '**Notice of Substitution of Counsel**,' which automatically terminates previous counsel and substitutes the new attorney as counsel of record.

Id. (emphasis added). Such method provides the parties with an ability to obtain the relief sought without court intervention and the notice could contain whatever language counsel deem appropriate.

---

[1]     No such argument is made in the second motion and the court is simply reading the motion broadly.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Ervin L. Ball, Jr.'s second Motion to

Substitute Counsel (#31) is respectfully denied **DENIED** as moot.


Signed: April 20, 2009

Dennis L. Howell
United States Magistrate Judge